# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD A. THOMAS,

    Plaintiff,

v.                                            Case No. 10-C-1074

ELIZABETH KOONTZ,

    Defendant.

## ORDER

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that on his mandatory release date he was placed on electronic monitoring and forced to locate in a halfway house. He further alleges he is forced to receive involuntary treatment of an unspecified nature.

Since the filing of the complaint, Plaintiff has been released from custody, and so the filing fee provisions of the Prisoner Litigation Reform Act ("PLRA") do not apply. I find Plaintiff qualifies for *in forma pauperis* ("IFP") status and therefore waive the filing fee.

Plaintiff's complaint, however, will be dismissed. As explained in Case No. 10-C-1073, which Plaintiff filed the same day, the rule of *Heck v. Humphrey* prohibits resort to § 1983 unless the underlying custody has been invalidated. Here, it is apparent that the conditions Plaintiff is complaining of are aspects of his confinement. As Judge Crabb concluded in a very similar action:

> Plaintiff's complaint does nothing more than challenge his current confinement. He alleges that his parole agent, her supervisor and the Department of Corrections placed him on house arrest and electronic monitoring when he was released from prison on his mandatory release date. . . . such challenges may not be brought pursuant to § 1983. Challenges to plaintiff's custody may not proceed in federal

court until plaintiff has exhausted his state judicial remedies and then only as a petition for a writ of habeas corpus.

*Maldonado v. Johnson,* 2009 WL 3254022, *1 (W.D. Wis. 2009).

As Judge Crabb further noted, "[a]lthough plaintiff is not in 'custody' in the sense of being in prison, conditions of parole such as plaintiff's house arrest and electronic monitoring are still forms of 'custody' that must be challenged in the context of a habeas petition, not a § 1983 action." *Id.*

Accordingly, the complaint will be **DISMISSED**. The motion to proceed IFP is **GRANTED** and the filing fee is waived.

**SO ORDERED** this   13th   day of December, 2010.

s/ William C. Griesbach
William C. Griesbach
United States District Judge